Jennifer L. Crow, OSB No. 105601
jen@scheer.law
Scheer.Law PLLC
715 SW Morrison Street, Suite 912
Portland, Oregon 97205
Phone: (503) 446-1767
Fax: (206) 490-0866

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas corporation; STATE NATIONAL INSURANCE COMPANY, INC., a Texas corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MERCHTEL, LLC, an Oregon limited liability company; MERCHTEL, INC., a Washington corporation,<br><br>Defendants. | CASE NO.<br><br>AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS AND STATE NATIONAL INSURANCE COMPANY, INC.'S COMPLAINT FOR DECLARATORY RELIEF |

Plaintiffs American Hallmark Insurance Company of Texas ("Hallmark") and State National Insurance Company, Inc. ("State National") (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint for Declaratory Relief against Merchtel, LLC and Merchtel, Inc. (collectively, "Defendants"), allege as follows:

## I.     **INTRODUCTION**

1.     In 2022, Merchtel, LLC sought commercial general liability insurance coverage through Hallmark. To apply for that coverage, Merchtel, LLC completed an application. A copy of that application is attached as **Exhibit A**.

2.    On that application, Merchtel was asked to answer the following question: "Do any operations include excavation, tunneling, underground work or earth moving?"

3.    In answer to that question on the application, Merchtel answered "N" for no.

4.    Merchtel described its business as being an electrical contractor performing electrical work within buildings.

5.    As a part of the underwriting process, Merchtel, LLC also completed a supplemental application specific to electrical contractors.

6.    A copy of that supplemental application is attached as **Exhibit B**.

7.    Within the supplemental application, Merchtel, LLC represented that its work entirely consisted of performing low voltage and telecom work within commercial buildings.

8.    Hallmark issued commercial general liability insurance coverage under Policy No. 44-CL-009011250 to Merchtel (the "Hallmark Policy") for the policy period May 1, 2022 to May 1, 2023.

9.    The Hallmark Policy was then renewed for May 1, 2023 to May 1, 2024.

10.    Coverage was re-written through State National for Merchtel, Inc. under Policy No. HLM51CL9011250 (a re-write of 44-CL-009011250-01) after Merchtel, LLC moved its business location from Oregon to Washington and registered as Merchtel, Inc. for policy period May 9, 2023 to May 9, 2024.

11.    That State National policy was renewed for May 9, 2024 to May 9, 2025.

12.    Hallmark relied on the representations of Merchtel, LLC in its application, and in describing its business, both to determine the applicable premium for the policy and determine what appropriate endorsements would be for the level of risk associated with Merchtel, LLC's business.

13.    State National relied on the representations of Merchtel, LLC when the Hallmark policies were re-written through State National, both to determine the applicable premium for

SCHEER.LAW PLLC
715 SW MORRISON ST., SUITE 912
PORTLAND, OR 97205
P: (206) 800-4070

the policy and determine what appropriate endorsements would be for the level of risk associated with Merchtel, Inc.'s business.

## II.    THE PARTIES & JURISDICTION

14.    Plaintiff Hallmark is a domestic insurer incorporated in Texas and having its principal place of business in Texas.  At all times relevant hereto, Hallmark was and is authorized to do business in the State of Oregon.

15.    Plaintiff State National is a domestic insurer incorporated in Texas and having its principal place of business in Texas.  At all times relevant hereto, State National was and is authorized to do business in the State of Washington.

16.    At all relevant times, Merchtel, LLC was an Oregon limited liability company, with its principal place of business in Marion County, Oregon, and doing business in Lane County, Oregon.  Upon information and belief, Merchtel ceased operations in 2023.

17.    At all relevant times, Merchtel, Inc. was a Washington corporation, with its principal place of business in Clark County, Washington, but performing operations in Lane County, Oregon.

18.    This Court has jurisdiction by virtue of 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000. In particular, Plaintiffs are citizens of Texas, 2) Defendant Merchtel, LLC is a citizen of, and domiciled in, Oregon, and 3) Defendant Merchtel, Inc. is a citizen of, and domiciled in, Washington.

19.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendant Merchtel, LLC is a citizens of this judicial district and a substantial part of the events giving rise to this action occurred in this district.

20.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201(a), this Court has the power to declare all rights, duties, and obligations under an insurance policy, whether or not further relief is or could be sought.

**SCHEER.LAW PLLC**
715 SW MORRISON ST., SUITE 912
PORTLAND, OR 97205
P: (206) 800-4070

21. An actual and justiciable controversy exists between Hallmark and State National, on one hand, and Merchtel, LLC and Merchtel, Inc. on the other hand, within the meaning of 28 U.S.C. § 2201 regarding: (1) whether Merchtel, LLC made material misrepresentations; and (2) whether the Hallmark and State National policies may be rescinded due to those misrepresentations.

### III.     FACTS

22. Merchtel, LLC and Merchtel, Inc. have been named as a defendant in Lane County Case No. 24CV26606, *Linda Bray v. Michael and Tina Limoges v. Merchtel, LLC et. al* (the "Underlying Lawsuit").

23. In the Underlying Lawsuit, Tina and Michael Limoges allege that Merchtel, LLC and Merchtel, Inc. undertook excavation work that destabilized a hillside, causing damage to property owned by Plaintiff Bray.

24. In the Underlying Lawsuit, Tina and Michael Limoges bring claims against Merchtel, LLC and Merchtel, Inc. for intentional timber trespass, negligent timber trespass, trespass, and negligence arising from the excavation work.

25. The Underlying Lawsuit does not allege that Merchtel, LLC or Merchtel, Inc. performed any electrical work.

26. Had Hallmark intended to provide coverage for a business whose activities included excavation, the Hallmark policies would have been issued at a different premium.

27. Had Hallmark intended to provide coverage for a business whose activities included excavation, the Hallmark policies would have included different endorsements affecting the grant of coverage.

28. Had State National intended to provide coverage for a business whose activities included excavation, the State National policies would have been issued at a different premium.

COMPLAINT FOR DECLARATORY
RELIEF – PAGE 4

29. Had State National intended to provide coverage for a business whose activities included excavation, the State National policies would have included different endorsements affecting the grant of coverage.

30. The defense of the Underlying Lawsuit was tendered to Hallmark and State National, and Hallmark and State National timely acknowledged the tender and agreed to provide a defense, subject to a reservation of rights.

31. During the pendency of the Underlying Lawsuit, and State National learned that Merchtel, LLC and Merchtel, Inc. had performed excavation work, in contrast to what Merchtel, LLC represented in its application.

32. The ROR letter issued to Merchtel, LLC and Merchtel, Inc.advised that Hallmark and State National reserved the right to file a declaratory judgment action with respect to its obligations under the Hallmark and State National policies.

## IV. <u>CAUSE OF ACTION</u>
### <u>RESCISSION</u>

33. Plaintiffs hereby incorporate and re-allege the allegations in paragraphs 1-32 as if full set forth herein.

34. Hallmark issued a policy of insurance to Merchtel, LLC based on its representations in its application for insurance coverage, and renewed that policy based on the same representations.

35. Merchtel, LLC represented in its application for insurance coverage that it did not perform excavation work.

36. Merchtel, LLC represented in its application for insurance coverage that it did performed electrical work in buildings.

37. The Hallmark policies were issued consistent with the representations by Merchtel, LLC.

COMPLAINT FOR DECLARATORY
RELIEF – PAGE 5

38.     During the pendency of the Hallmark policies, Merchtel, LLC engaged in excavation activity.

39.     State National issued its policies to Merchtel, Inc. based on the representations by Merchtel, LLC.

40.     During the pendency of the State National policies, Merchtel, Inc. engaged in excavation activity.

41.     Merchtel, LLC was named as a defendant in the Underlying Lawsuit based on damages allegedly caused by its excavation activities.

42.     Merchtel, Inc. was named as a defendant in the Underlying Lawsuit based on damages allegedly caused by its excavation activities.

43.     Hallmark and State National have expended amounts, and continue to expend amounts, in the provision of a defense to Merchtel, LLC and Merchtel, Inc. in the Underlying Lawsuit.

44.     Merchtel, LLC misrepresented the nature of its business activities in its application.

45.     Merchtel, LLC's misrepresentations are material.

46.     Hallmark relied on Merchtel, LLC's application in determining an appropriate premium and appropriate policy endorsements.

47.     The premium charged, and the endorsements issued, would have been different if Merchtel, LLC had not made the misrepresentations on its application regarding the nature of its business.

48.     Accordingly, Hallmark seeks a declaration that the Hallmark policy is rescinded based on Merchtel, LLC's material misrepresentations.

49.     Merchtel, Inc., through Merchtel, LLC's application (upon which the Merchtel, Inc. policy was written), misrepresented the nature of its business activities.

50.     Merchtel, Inc.'s misrepresentations are material.

COMPLAINT FOR DECLARATORY
RELIEF – PAGE 6

SCHEER.LAW PLLC
715 SW MORRISON ST., SUITE 912
PORTLAND, OR 97205
P: (206) 800-4070

51.     State National relied on Merchtel, Inc.'s application in determining an appropriate premium and appropriate policy endorsements.

52.     The premium charged, and the endorsements issued, would have been different if Merchtel, Inc. had not made the misrepresentations on its application regarding the nature of its business.

53.     Accordingly, State National seeks a declaration that the State National policy is rescinded based on Merchtel, Inc.'s material misrepresentations.

## V.     <u>PRAYER FOR RELIEF</u>

Wherefore, Hallmark and State National respectfully request:

1.     A declaration that the Hallmark policies are rescinded based on the material misrepresentations made by Merchtel, LLC;

2.     A declaration that the State National policies are rescinded based on the material misrepresentations made by Merchtel, Inc.;

3.     A declaration otherwise establishing Hallmark's duties and responsibilities under the Hallmark policies;

4.     A declaration otherwise establishing State National's duties and responsibilities under the State National policies;

5.     An order requiring that Merchtel, LLC reimburse Hallmark for all fees/costs Hallmark incurred defending the Underlying Lawsuit;

6.     An order requiring that Merchtel, Inc. reimburse State National for all fees/costs State National incurred defending the Underlying Lawsuit;

7.     For all costs, attorneys' fees and disbursements;

8.     For all other costs and fees as permitted by law; and

9.     For such other relief that this Court may deem just and proper.

//

//

COMPLAINT FOR DECLARATORY
RELIEF – PAGE 7

SCHEER.LAW PLLC
715 SW MORRISON ST., SUITE 912
PORTLAND, OR 97205
P: (206) 800-4070

1

DATED this 17th day of October, 2025.

2

3                                                SCHEER.LAW PLLC

4

5                                                */s/ Jennifer L. Crow*
                                                Jennifer L. Crow, OSB No. 105601
6                                                jen@scheer.law
                                                Attorneys for Plaintiffs
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26